*987 Kelly, C.J.
(concurring). Plaintiff, an African-American woman, worked for defendant WDIV-TV as an advertising account executive. She was eventually promoted to the position of sales manager. When she was not made general sales manager (GSM), she filed suit alleging that she had been discriminated against on the basis of her race and gender.
The previous GSM, Matt Kell, held the position until he succumbed to cancer. While he was ill, plaintiff applied for and received short-term disability leave for depression. Plaintiff claimed that defendants discriminated against her by terminating her employment after denying her an extension of her medical leave of absence. Finally, she alleged that defendants’ conduct constituted intentional infliction of emotional distress.
Defendants moved for summary disposition on the ground that plaintiff had failed to create a genuine issue of material fact concerning racial discrimination or intentional infliction of emotional distress. The trial court denied the motions. On interlocutory appeal, the Court of Appeals reversed the trial court’s ruling on the intentional infliction of emotional distress claim, but denied leave to appeal with respect to her discrimination claims. Defendants now seek leave to file an interlocutory appeal in this Court.
Under the Michigan Civil Eights Act (CRA),[1] a claim of racial or gender discrimination in employment may be made with direct or indirect evidence.[2] Where the employee adduces direct evidence of bias, a plaintiff can go forward and prove unlawful discrimination in the same manner as a plaintiff would prove any other civil case.[3] Where direct evidence is unavailable, to avoid summary disposition, the employee must present evidence from which the fact-finder could infer that the plaintiff was the victim of unlawful discrimination.[4] Thus, to establish a prima facie case of discrimination, a plaintiff must present evidence that she was
(1) a member of a protected class; (2) subject to an adverse employment action; (3) qualified for the position; and that (4) others, similarly situated and outside the protected class, were unaffected by the employer’s adverse conduct.[5]
Once the employee establishes a prima facie case, the employer must articulate a nondiscriminatory reason for its actions. If the employer adduces such a reason, even if that reason later turns out to be incredible, the presumption of discrimination evaporates.[6] Nonetheless, the evidence supporting an employee’s prima facie case may also be considered *988 in deciding whether a genuine issue exists about whether the employer’s purported nondiscriminatory reasons constitute a pretext.[7]
Here, defendants claim that plaintiff failed to create a genuine issue of material fact that she suffered an adverse employment action in defendants’ failure to promote her to GSM. According to defendants, plaintiff failed to show that the position was open at any time before she became disabled. But plaintiff asserts that, although she was available for the job, defendant never formally offered it to anyone and took no steps to screen candidates to fill it. Plaintiff states that she was forced to assume the duties and responsibilities of the position and yet was never given the title or the pay.
Plaintiff gave deposition testimony about Theodore Pearse, the head of her department, showing that he acted in a discriminatory manner. Plaintiff also testified about disparate treatment by Pearse concerning the hours that she worked and the duties that she performed. This contrasted with the favorable treatment that Pearse gave to Kell. Plaintiffs testimony establishes a genuine issue of material fact about adverse employment actions. It also raises an inference that Pearse acted out of racial animus in failing to pay plaintiff for her work as GSM and in refusing to promote her to that position. According to plaintiffs testimony, Pearse could have chosen a GSM when Kell died, but did not. If plaintiffs testimony is believed, a finder of fact could infer racial animus from Pearse’s decision not to formally promote plaintiff to the position of GSM.
Defendants also argue that plaintiff failed to provide evidence of an adverse employment action with respect to her medical leave extension. They assert that she did not show that she was disparately treated compared to similarly situated employees. Defendants point out that white employees were also denied leave extensions.
However, plaintiff persuasively argues that the failure to extend her medical leave resulted in the termination of her employment, which could clearly constitute an adverse employment action. Moreover, although plaintiffs employment was terminated in accord with defendants’ standard policy, an exception to that policy had been made for Kell. But, no exception to defendants’ standard policy exists for terminally ill employees. As a result, a genuine issue of fact exists concerning whether plaintiff was treated differently because of her race.
Finally, defendants contend that plaintiffs retaliation claim fails as a matter of law. They assert that no one involved in the decision not to offer her the GSM position or to deny her a medical leave extension knew of the alleged protected activity. However, plaintiff claimed that Pearse was aware of her complaints of racial discrimination. Thus, if believed, plaintiffs testimony demonstrates resentment toward plaintiff by Pearse that could constitute retaliation.
For these reasons, summary disposition, in favor of defendants, of plaintiffs discrimination claims was inappropriate. The case should proceed to trial. Therefore, I concur in the Court’s order denying *989 defendants’ application for leave to appeal.

 MCL 37.2201 et seq.

 Town v Michigan Bell Tel Co, 455 Mich 688, 694-695 (1997).

 “Direct evidence” is evidence that, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer’s actions. Hazle v Ford Motor Co, 464 Mich 456, 462 (2001).

 Hazle, supra at 462-463.

 Town, supra at 695.

 Id.

 Id. at 696.